**Electronically Filed
Intermediate Court of Appeals
CAAP-16-0000070
19-DEC-2018
07:56 AM**

NOS. CAAP-16-0000070 and CAAP-16-0000195
(CONSOLIDATED)

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

M POCKET CORPORATION, Plaintiff-Appellee, v.
SHANGHAI SHANGHAI, LLC, dba MAUI KITCHEN; and
RONALD AU, Defendants-Appellants,
and
RONALD AU, dba MAUI KITCHEN, Defendant and
Third-Party Plaintiff-Appellant, v.
M POCKET CORPORATION, a Hawaii Limited Partnership;
PETER C.K. FONG; SOFOS REALTY CORPORATION; MOLLY ROBERTS;
SISSY NOELANI, Third-Party Defendants-Appellees

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 14-1-2398)

SUMMARY DISPOSITION ORDER
(By: Ginoza, Chief Judge, Leonard and Reifurth, JJ.)

In this consolidated appeal, Defendants-Appellants

Shanghai Shanghai, LLC, dba Maui Kitchen (**Shanghai**) and Ronald Au

(**Au**) (collectively, **Appellants**) appeal from the following order

and judgments entered by the Honolulu Division of the District

Court of the First Circuit (**District Court**):  (1) the January 12,

2016 Order Denying Defendant Ronald Au's Motion to Vacate or Set

Aside Default and Judgment of Possession against Defendant

Shanghai Shanghai LLC Pursuant to [District Court Rules of Civil

Procedure (**DCRCP**)] Rule 60(b) (1,2,3,4)[1] (**Order Denying Motion to Vacate**);[2] (2) the October 16, 2014 Judgment for Possession (**Judgment for Possession**) entered in favor of Plaintiff-Appellee M Pocket Corporation (**M Pocket**) and against Shanghai;[3] and (3) the February 26, 2016 Judgment awarding damages in favor of M Pocket and against Shanghai (**Judgment for Damages**).[4] As noted in the Judgment for Damages, the claims against Au (as well as Au's counterclaim and third-party complaint) were committed to the Circuit Court of the First Circuit for trial by jury.

Appellants raise the following points of error on appeal: (1) the District Court lacked jurisdiction over this summary possession action because Appellants dispute that M Pocket is the landlord and, as a result, the District Court erred

---

[1] DCRCP Rule 60 provides, in relevant part:

> **(b) Mistakes; inadvertence; excusable neglect; newly discovered evidence; fraud, etc.** On motion and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void. . . . The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation. This rule does not limit the power of a court of competent jurisdiction to entertain an independent action to relieve a party from a judgment, order, or proceeding, or to set aside a judgment for fraud upon the court.

[2] The Honorable Judge Hilary B. Gangnes presided.

[3] The Honorable Judge Michael K. Tanigawa presided.

[4] The Honorable Judge Hilary B. Gangnes presided.

2

when it entered the Order Denying Motion to Vacate; (2 & 3) the District Court erred when (a) the court prohibited Au, in addition to counsel for Shanghai, from arguing at a December 8, 2014 hearing on a motion to stay and cancel the Writ of Possession and Judgment for Possession[5] and (b) the court refused to set aside, *inter alia*, the Judgment for Possession based on improper service of process; (4) the District Court erred in awarding attorneys' fees to M Pocket as sanctions; and (5) the District Court erred in the Judgment for Damages because it awarded speculative damages in the amount of $152,977.93 against Shanghai on the basis of a default judgment and erred when it denied Shanghai's request for a hearing to determine the amount of liability under the subject lease (**Lease**).

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Appellants' points of error as follows:

(1) Appellants argue that M Pocket did not establish that it was the landlord under the Lease, the landlord-tenant relationship is in dispute, and therefore, the District Court did not have jurisdiction. Appellants point to two places in the Lease where "M Pocket Corporation" is identified as "M Pocket Corporation, a Hawaii limited partnership." Each of the remaining references to the landlord in the Lease, including in

---

[5]    The third point of error repeats the contention that the District Court erred when the court prohibited Au from arguing that the Writ of Possession and Judgment for Possession should be set aside.

3

the section identifying the parties to the agreement, identify the landlord as "M Pocket Corporation." The Guaranty signed by Au to secure the Lease identifies the landlord as "M Pocket Corporation." Appellants submitted no affidavit, declaration, or other evidence that M Pocket's title to the subject property was in question. M Pocket submitted the Declaration of Peter C.K. Fong (**Fong**), its Secretary and Director, who executed the Lease on behalf of M Pocket. Fong attested, *inter alia*, that the reference to M Pocket as a limited partnership is a typographical error, that he affixed M Pocket's corporate seal below his signature on the Lease, and that M Pocket is the owner of the subject property and the landlord of Shanghai. We conclude that Appellants' first point of error is without merit.

(2 & 3) Au argues that the District Court erred by denying him "as the personal guarantor of [Shanghai] and the director and agent of [Shanghai], oral argument and a due process hearing."[6] Although a licensed attorney, at the time of the December 8, 2014 hearing, Au's license to practice law was suspended. Shanghai was represented by other counsel.

First, we reject Au's claim to have a due process right to argue on Shanghai's behalf. Shanghai, as a registered corporation, could only be represented by counsel. See Oahu Plumbing & Sheet Metal, Ltd. v. Kona Constr., Inc., 60 Haw. 372, 380, 590 P.2d 570, 576 (1979) (vice president, as a non-attorney

---

[6] Au was allowed to argue on his own behalf against imposition of sanctions against him for filing a frivolous motion.

4

officer of the corporate defendant, "should not have been allowed to act at all as the in-court representative of [the defendant and on] that ground alone, we would be able to decide that the [refusal by the court to set aside entry of default judgment] was proper"). Rules of the District Courts (**RDC**) Rule 4, which addresses parties without counsel, confirms that "[n]othing in this rule authorizes a corporation to appear as a party without counsel or to be legally represented by a person who is not licensed to practice law in the State of Hawai'i." Au cites no authority that supports his claim that the District Court's preclusion of his arguments on behalf of Shanghai violates due process, and we find none.

Au also argues that as a guarantor he had the right to argue on behalf of himself in the hearing on the Motion to Stay or Cancel Writ of Possession and Motion to Vacate or Set Aside. However, the only issues before the court were whether the Judgment for Possession should be set aside because of alleged ineffective service and because the judgment was allegedly void due to the alleged dispute as to the existence of a landlord-tenant relationship between Shanghai and M Pocket.

Au has cited no authority to support his contention that his role as a guarantor for the Lease conferred upon him the right to argue orally in summary possession proceedings regarding the setting aside of a default and summary possession regarding a tenancy of a distinct legal entity, itself represented by counsel at the hearings. Au cites to KNG Corp. v. Kim, 107 Hawai'i 73,

5

110 P.3d 397 (2005), arguing that he was "denied from addressing the Court that no minimum rent under the April 1, 2013 lease was delinquent and significantly Au as the guarantor, was prepared under HRS 666-21 to deposit into a rent trust fund any disputed amount immediately." In KNG Corp., after payment of rent and other charges by the would-be tenant, a dispute arose between a landlord and tenant regarding the location of certain outdoor vending carts, and the would-be tenant claimed she never gained occupancy of the leased property. Id. at 75, 110 P.3d at 399. The landlord filed suit seeking unpaid rent and other fees and also sought a judgment for possession and writ of possession. Id. The court ordered the would-be tenant to pay future rent as it became due into the rent trust fund pursuant to the rent trust fund statute, HRS § 666-21, which she then failed to do. Id. Therefore, the court granted the landlord a judgment for possession and writ of possession. Id. On appeal, the Hawai'i Supreme Court found that the rent trust fund statute was adopted by the legislature because it "was necessary to prevent the situation in which the 'tenant cannot or will not pay for the time in which the tenant was in possession of the premises.'" Id. at 79, 110 P.3d at 403 (quoting 1978 Haw. Sess. L. Act 75 § 1, at 98). In that case, since the tenant argued she never gained occupancy of the property in the first instance, the supreme court held that it would have been improper for the court to order the establishment of a rent trust fund. Id. Au fails to explain, and the court fails to see, how this case supports

6

Au's claim that he had a due process right to argue as a guarantor regarding the setting aside of the Judgment for Possession that pertained only to the landlord-tenant relationship of Shanghai and M Pocket.

Au then cites Hawaii Leasing v. Klein, 5 Haw. App. 450, 698 P.2d 309 (1985), which also fails to support his claim. In Klein, an action arose out of a contract of guaranty between the defendant guarantors and the plaintiff. Id. at 452, 698 P.2d at 311. The plaintiff had agreed to lease certain equipment to a company incorporated by the defendants, and the defendants served as guarantors for that lease. Id. The guaranty at issue provided that, in the event of a default by the company leasing the equipment, certain procedures were to be followed by the plaintiff regarding the sale of the equipment before proceeding against the guarantors. Id. An issue in the case was whether the plaintiff breached an obligation to the guarantors that was imposed on the plaintiff by the contract of guaranty regarding the disposition of the equipment before proceeding against the guarantors. Id. at 455, 698 P.2d at 313. The court recognized that the plaintiff had a "duty of good faith and fair dealing" in performing its contractual obligations under the guaranty, and then the court proceeded to analyze whether that standard had been met in that case. Id. at 456-57, 698 P.2d at 313-14. Again, the relevant issues on which Au claims he had a due process right to speak were only whether the Judgment for Possession against Shanghai should be set aside due to either

improper service or because there was no landlord-tenant relationship between M Pocket and Shanghai. Au does not explain nor cite authority to support his claim that this confers upon him the right, as a guarantor of lease payments, to argue about whether the Judgment for Possession against Shanghai should be set aside.[7] Shanghai was the sole tenant under the Lease and Shanghai was represented by counsel with respect to its interests. We find no due process violation in the District Court's refusal to allow Au to make oral arguments pertaining to whether there were grounds to set aside the relief entered against Shanghai.

Appellants also argue that the District Court erred when it refused to set aside, *inter alia*, the Judgment for Possession based on improper service of process on Shanghai because the person who was served was not an agent for service or the actual manager of the business. DCRCP Rule 4(d)(3) provides that a summons and complaint shall be served together upon a domestic corporation by delivering a copy of the summons and the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a

---

[7] We note that Au's own claims against M Pocket, as well as M Pocket's claims against Au, were removed to the Circuit Court for a jury trial, pursuant to Au's demand for a jury trial.

8

copy to the defendant.[8] When the defendant belongs to a class referred to in DCRCP Rule (4)(d)(3), *e.g.*, a domestic corporation, "it is also sufficient if the summons and complaint are served in the manner prescribed by any statute." See DCRCP Rule 4(d)(8).

Hawaii Revised Statutes (**HRS**) § 414-64(a) (2004) provides, in pertinent part:

> § **414-64 Service on corporation.** (a) Service of any notice or process authorized by law issued against any corporation, whether domestic or foreign, by any court . . . may be made in the manner provided by law upon any registered agent, officer, or director of the corporation who is found within the jurisdiction of the court . . . ; or if any registered agent, officer, or director cannot be found, upon the manager or superintendent of the corporation or any person who is found in charge of the property, business, or office of the corporation within the jurisdiction.

Here, as averred in the declaration from the process server, after numerous attempts were made to serve Au (the registered agent) at the listed agent address, his business address, and multiple other last known addresses for Au, Shanghai

---

[8] DCRCP Rule 4 provides, in relevant part:

> (d) Same; Personal service. The summons and complaint shall be served together. The plaintiff shall furnish the person making service with such copies as are necessary. Service shall be made as follows:
> . . .
> (3) Upon a domestic or foreign corporation or upon a partnership or other unincorporated association which is subject to suit under a common name, by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant.
> . . .
> (8) Upon a defendant of any class referred to in paragraph (1) or (3) of this subdivision of this rule, it is also sufficient if the summons and complaint are served in the manner prescribed by any statute.

9

was served at its place of business within the state upon the cashier who represented herself as being in charge of the restaurant at that time. This is sufficient to effect service under HRS § 414-64(a). Contrary to Shanghai's arguments, HRS § 414-64(a) does not also require the mailing of process papers in addition to in-person service upon a person found in charge of the business.

Shanghai also challenges the District Court's refusal to stay or cancel the Writ of Possession, based on HRS § 666-14 (2016),[9] and RDC Rules 5(a)(b)[10] and 7(a).[11] The motion for such

---

[9]     HRS § 666-14 provides:

> **§ 666-14  Writ stayed how, in proceedings for nonpayment of rent.**  The issuing of the writ of possession shall be stayed in the case of a proceeding for the nonpayment of rent, if the person owing the rent, before the writ is actually issued, pays the rent due and interest thereon at the rate of eight per cent a year and all costs and charges of the proceedings, and all expenses incurred by plaintiff, including a reasonable fee for the plaintiff's attorney.

[10]    RDC Rule 5 states:

> **Rule 5.  SERVICE OF DOCUMENTS AND PROOF THEREOF.**
>       **(a) Service required.**  In all civil actions, pleadings and documents shall be served either electronically, pursuant to Rule 6 of the Hawai'i Electronic Filing and Service Rules if the case is filed through the JEFS, or, for conventionally served documents, as provided in the District Court Rules of Civil Procedure.
>       **(b) Proof of service.**  Proof of service may either be provided electronically for cases filed through the JEFS, or may be by written acknowledgment of service, by affidavit of the person making service, or by any other proof satisfactory to the court, unless otherwise provided by law or by the District Court Rules of Civil Procedure. A party who has been prejudiced by failure to receive due notice or to be served, or who has been prejudiced by reason that service was made by mail, may apply to the court for appropriate relief.

[11]    RDC Rule 7 states, in relevant part:

> **Rule 7.  FORM OF MOTIONS.**
>       **(a) Form.**  All motions, except when made during a
>                                         (continued...)

relief was filed by Au, but argued by counsel for Shanghai. The memorandum in support of the motion argued, *inter alia*, that Shanghai and Au had not been properly served and the Writ of Possession should be cancelled or stayed. Here, the Writ of Possession states that it was issued on October 3, 2014. The Motion To Stay and Cancel Writ of Possession was filed on October 16, 2014. By the express terms of HRS § 666-14, the remedy of a stay under that statute is only available "before the writ is actually issued."[12] Accordingly, we need not examine whether the other requirements for a stay were met. We conclude that the District Court did not err in denying the motion insofar as the motion requested a stay under HRS § 666-14.

It further appears that the motion was ultimately treated as a motion to set aside the default under DCRCP Rule 60(b). See Anderson v. Oceanic Props., Inc., 3 Haw. App. 350,

---

[11](...continued)
hearing or trial, shall be in writing, shall state the grounds therefor, shall set forth the relief or order sought, and if involving a question of law shall be accompanied by a memorandum in support of the motion. Every motion, except one entitled to be heard ex parte, shall be accompanied by a notice of hearing or of setting for hearing thereof. The motion may be stated in the notice of hearing. If a motion requires the consideration of facts not appearing of record, it shall be supported by affidavit. The motion shall be filed and served on all parties at least 14 days prior to the time set for hearing, unless otherwise provided by the District Court Rules of Civil Procedure or ordered by the court.

[12]    We note that, although the Writ of Possession states that it was issued on October 3, 2014, it bears a file-stamped date and time of October 16, 2014, at 8:33 a.m. Although the record is silent as to the apparent delay in the filing of the Writ of Possession, the file-stamped date and time nevertheless is earlier than the file-stamped date and time of the Motion to Stay and Cancel Writ of Possession, which is October 16, 2014, at 3:57 p.m., and acknowledges that M Pocket had already obtained a Writ of Possession and Judgment for Possession.

355, 650 P.2d 612, 617 (1982) ("it is the substance of the pleading that controls, not its nomenclature"). Hawai'i courts follow the test promulgated in BDM, Inc. v. Sageco, Inc., 57 Haw. 73, 77, 549 P.2d 1147, 1150 (1976), to determine whether to set aside a default or default judgment:

> [A] motion to set aside a default entry or a default judgment may and should be granted whenever the court finds (1) that the nondefaulting party will not be prejudiced by the reopening, (2) that the defaulting party has a meritorious defense, and (3) that the default was not the result of inexcusable neglect or a wilful act.

Citicorp Mortg., Inc. v. Bartolome, 94 Hawai'i 422, 438, 16 P.3d 827, 843 (App. 2000). Therefore, if a movant fails to meet any one prong of the test, a trial court does not abuse its discretion in refusing to set aside a default or default judgment. Id. at 439, 16 P.3d at 844.

Shanghai argued that the Judgment for Possession should be set aside because Shanghai was not properly served. As discussed above, we reject that argument. In a supplemental memorandum, Shanghai also disputed that money was due and owing to M Pocket under the Lease.

The District Court heard arguments regarding the request that it set aside the default judgment. The court found that the default had been properly entered and that no good reason for non-appearance had been given. The court also found that there had been a significant lapse of time between the entry of the Judgment for Possession and the filing of the Motion to Stay or Cancel Writ of Possession. M Pocket argued that it would be prejudiced if the Judgment for Possession were set aside

12

because they had already taken possession, done an inventory, cleared out perishable items, and potentially had a new tenant that could be taking over the subject premises. Shanghai did not respond to the argument of prejudice, but instead argued that service had not been proper and that M Pocket's lawyers failed to inform Au of the summary possession action, notwithstanding his inquiries to Plaintiff's counsel regarding what documents had been served at the premises. The District Court found that the default had been properly entered and that no good reason for non-appearance had been given. The court also found that M Pocket would be prejudiced if the court set aside the Judgment for Possession. On that basis, the District Court denied Shanghai's request to set aside the Judgment for Possession.

We conclude that the District Court did not abuse its discretion in refusing to set aside the Judgment for Possession. Service was properly made on Shanghai. Additional affidavits submitted by M Pocket, with respect to attempts to serve Au, evidenced that M Pocket had made repeated attempts to serve Au at his registered address, as the representative for Shanghai, and at other known previous addresses, all of which were unsuccessful. It is not determinative that the person who received service claims that she lost the service papers. The District Court did not err in finding that Shanghai had not presented a good reason for failure to appear.

Furthermore, on appeal Shanghai makes no argument that M Pocket would not have been prejudiced had the Judgment for

13

Possession been set aside.  Without such a finding, Shanghai was not entitled to set aside the default.  See Citicorp Mortg., Inc., 94 Hawai'i at 439, 16 P.3d at 844.  Accordingly, we conclude that the District Court did not abuse its discretion in refusing to set aside the Judgment for Possession.

(4)  Appellants argue that the District Court abused its discretion in awarding attorneys' fees under HRS § 607-14.5 (2016) as a sanction, because the court made no written finding that all or a portion of the claims or defenses raised by the Appellants were frivolous and were not reasonably supported by the facts and the law.  HRS § 607-14.5 states, in relevant part:

> § 607-14.5 Attorneys' fees and costs in civil actions.  (a) In any civil action in this State where a party seeks money damages or injunctive relief, or both, against another party, and the case is subsequently decided, the court may, as it deems just, assess against either party, whether or not the party was a prevailing party, and enter as part of its order, for which execution may issue, a reasonable sum for attorneys' fees and costs, in an amount to be determined by the court upon a specific finding that all or a portion of the party's claim or defense was frivolous as provided in subsection (b).
>
> (b) In determining the award of attorneys' fees and costs and the amounts to be awarded, the court must find in writing that all or a portion of the claims or defenses made by the party are frivolous and are not reasonably supported by the facts and the law in the civil action. In determining whether claims or defenses are frivolous, the court may consider whether the party alleging that the claims or defenses are frivolous had submitted to the party asserting the claims or defenses a request for their withdrawal as provided in subsection (c). If the court determines that only a portion of the claims or defenses made by the party are frivolous, the court shall determine a reasonable sum for attorneys' fees and costs in relation to the frivolous claims or defenses.

This court has explained:

> "A frivolous claim has been defined as 'a claim so manifestly and palpably without merit, so as to indicate bad faith on the pleader's part such that argument to the court was not required.'"  The Hawai'i Supreme Court has recently stated that "[a] finding of frivolousness is a high bar; it is not enough that a claim be without merit, there must be a showing of bad faith."

14

Yoneji v. Yoneji, 137 Hawaiʻi 299, 313, 370 P.3d 704, 718 (App. 2016) (citations omitted).

M Pocket requested that sanctions be entered because, *inter alia*, Shanghai had filed a third motion to try to set aside the Judgment for Possession and there was no basis in fact or law to grant the request. The District Court allowed both counsel for Shanghai and Au to respond to the request for sanctions, which they did. The District Court orally stated Appellants' motion was frivolous and a "desperate attempt to try to have reconsidered a decision that was already made by the court more than a year ago." The District Court's written Order Denying Motion to Vacate stated that the motion was frivolous and instructed M Pocket to file a nonhearing motion for attorneys' fees and costs and gave Au and Shanghai's counsel the opportunity to respond thereto.

Appellants argue that the District Court erred in awarding sanctions because it failed to make a finding that the motion was "completely frivolous." Based on a review of the transcript and the written Order Denying Motion to Vacate, it appears that the District Court viewed the motion in its entirety as frivolous.

However, the District Court nevertheless erred in awarding sanctions against the Appellants as it failed to indicate in writing that the claims raised by the Appellants were "not reasonably supported by the facts and the law in the civil action." See HRS § 607-14.5(b). HRS § 607-14.5(b) clearly

15

requires a <u>written</u> finding "that all or a portion of the claims or defenses made by the party are frivolous <u>and are not reasonably supported by the facts and the law in the civil action</u>." (Emphasis added). While the District Court indicated that it found the motion frivolous, the basis for the finding was left unstated. The Hawaiʻi Supreme Court has explained that the finding of frivolousness is a high bar and that it is not sufficient to show that the claim is meritless, but there must also be a showing of bad faith. See <u>Tagupa v. VIPDesk</u>, 135 Hawaiʻi 468, 479, 353 P.3d 1010, 1021 (2015). All that is stated in the written order is that the motion was frivolous. While the District Court may have perceived that the Appellants acted in bad faith, absent a written finding to that effect, we conclude that the District Court's order awarding sanctions is insufficient and must be vacated.

(5) Finally, Shanghai argues that the District Court erred in entering the Judgment for Damages as its request for an oral hearing was denied and the award was not supported by current invoices, payments, receipts, and statements; in addition, Shanghai argues that the District Court erred in including an award of damages for advertising, gas, electric, and air conditioning for approximately one year after the space was physically vacant. Shanghai also argues that the court awarded attorneys' fees without the supporting documents required under Hawaiʻi law.

16

M Pocket's Complaint, in addition to seeking possession of the subject property, sought $21,340.11 for past due rent, $6,989.28 for CAM, and $17,767.01 for other fees and charges. In addition, M Pocket sought "any rent and other charges owed under the rental agreement, additional damages, court costs, interest, and reasonable attorney's fees." M Pocket submitted its non-hearing Motion for Default Judgment over a year after the Complaint had been filed; the sums sought in the Motion for Default Judgment had risen from a total of $46,096.40 to a total of $152,977.93 as of November 24, 2015.

In response, on December 1, 2015, Shanghai filed a Motion to Dismiss Plaintiff's Motion for Default Judgment Dated November 24, 2015, and Request for Oral Hearing (**Request for Oral Hearing**). In addition to repeating earlier arguments which had already been rejected, Shanghai requested a hearing under DCRCP Rule 55 before the District Court awarded damages and/or attorneys' fees. On December 31, 2015, the District Court entered an order granting the Motion for Default Judgment, apparently denying Shanghai's Request for Oral Hearing without comment.

As this court has previously explained,

> "A default in an action at law is somewhat similar to the entry of a decree in equity that the bill be taken for confessed." Felton v. Felton, 123 Conn. 564, 567, 196 A. 791, 793 (1938) (quoting Hooton v. G.F. Redmond & Co., 237 Mass. 508, 513, 130 N.E. 107 (1921)). See also 10 C. Wright, A. Miller, & M. Kane Federal Practice and Procedure: Civil § 2682 at 406 n.2 (1983) (under former Equity Rule 16, if a defendant is in default for failure to answer or defend a bill, the plaintiff may take an order that the bill be taken pro confesso). Likewise, in a case preceding the adoption of the Federal Rules of Civil Procedure, the United States Supreme Court stated that a party "suffering a

17

> default will have assented that his adversary's allegations
> be taken as confessed . . . ." Commercial Cas. Ins. Co. v.
> Consol. Stone Co., 278 U.S. 177, 180, 49 S. Ct. 98, 99, 73
> L. Ed. 252, 254 (1929).
>
> While an entry of "default is not a judgment[,] [i]t
> is an interlocutory order of the court, the effect of which
> is to preclude the defendant from making any further defense
> in the case so far as liability is concerned." Esposito v.
> Pinecrest Country Club, Inc., 24 Conn. Supp. 81, 186 A.2d
> 822, 823 (1962). Similarly, we have held that "[u]pon the
> entry of default, [defendant] . . . lost its standing to
> contest the fact of its liability, but still had standing to
> contest the amount of its liability." Occidental
> Underwriters of Hawaii, Ltd. v. Am. Sec. Bank, 5 Haw. App.
> 431, 433, 696 P.2d 852, 854 (1985) (citations omitted).

Kam Fui Tr. v. Brandhorst, 77 Hawai'i 320, 324-25, 884 P.2d 383, 387-88 (App. 1994). The Hawai'i Supreme Court has recently reaffirmed, without qualification, that "[t]rial courts must permit parties in default to contest damages at proof hearings." Dela Cruz v. Quemado, 141 Hawai'i 338, 347, 409 P.3d 742, 751 (2018).

Shanghai sought the opportunity to contest the damages sought by M Pocket, including its request for attorneys' fees. Although Shanghai cannot now contest the fact of its liability under the Lease, it must be given the opportunity to contest the amount of damages due under the Lease at a proof hearing. The District Court erred in denying Shanghai the opportunity to contest the amounts owed to M Pocket.

For these reasons, the District Court's January 12, 2016 Order Denying Motion to Vacate and October 16, 2014 Judgment for Possession are affirmed, the District Court's February 26,

2016 Judgment for Damages is vacated, and this case is remanded to the District Court for further proceedings.

DATED: Honolulu, Hawaiʻi, December 19, 2018.

On the briefs:

Jason R. Burks,
for Defendant-Appellant
SHANGHAI SHANGHAI, LLC,
dba MAUI KITCHEN.

Ronald G.S. Au,
*Pro Se* Defendant and
Third-Party Plaintiff-Appellant.

Louise K.Y. Ing,
Timothy C. Partelow,
for Plaintiff-Appellee and
Third-Party Defendants-Appellees.

Chief Judge

Associate Judge

Associate Judge

19